**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Plaintiff,**

v.

**Rita B. MADERE and Myron P. Brady, Defendants.**

**No. CA 13217, Division B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

April 29, 1964.

F. Carter Johnson, Jr., New Orleans, La., for plaintiff.

Ralph N. Jackson, New Orleans, La., for defendants.

FRANK B. ELLIS, District Judge.

This was an action brought by plaintiff, Southern Farm Bureau Casualty Insurance Company for a Declaratory Judgment under Rule 57, against defendants Rita B. Madere and Myron P. Brady, seeking to have its automobile public liability policy No. 805 493, which it had issued to said Rita B. Madere as the designated insured, declared null and void and that no coverage was afforded to the automobile described therein which was involved in an accident on or about March 12, 1961, in Jacksonville, Florida.

The case was tried on its merits and counsel for both plaintiff and defendants submitted briefs.

The Court has concluded that plaintiff is entitled to the relief prayed for.

A brief résumé of the facts show that plaintiff issued its automobile liability policy No. 805 493 to defendant Rita B. Madere covering a 1949 model Ford Club Coupe. On November 15, 1958, a 1956 Model Ford Mainline 8 was substituted as the insured vehicle at the request of Mrs. Madere. Then, on July 6, 1960, by endorsement and again at the request of Mrs. Madere, a 1958 Model Chevrolet 4-door Biscayne was substituted for the 1956 Ford.

The substitution of vehicles insured was made by plaintiff, relying upon written application of Mrs. Madere, dated June 29, 1960, in which she stated, among other things, that she was the sole owner of said vehicle; that the principal driver was not under 25 years of age; that no person under 25 years of age would operate it; that the vehicle was not to be driven by a man in the Military Service and that the vehicle was to be garaged on a farm.

These representations were made to the then agent of plaintiff, who took the application at defendant's home and who apparently had knowledge that the representations were false, but concealed such knowledge from plaintiff, his principal.

These representations were repeated by Mrs. Madere, this time acting alone, some three months later in a written application for renewal of said policy, which she submitted to plaintiff.

Shortly after the occurrence plaintiff was informed that said vehicle had been involved in an accident on or about March 12, 1961, in Jacksonville, Florida, in which three persons were injured, two of them fatally, and upon investigation plaintiff's representatives learned that this Chevrolet automobile was registered in the name of defendant, Myron P. Brady, a son-in-law of Mrs. Madere; that he had purchased said car from a dealer in New Orleans and was the sole owner thereof. At all times mentioned herein, Brady was a member of the United States Air Force; and both he and his wife were under 25 years of age and that he had taken the car from LaPlace, Louisiana, to Jacksonville, Florida, where he was stationed and loaned it to one Larry Heald, who was driving the car when the accident happened.

Upon ascertaining these facts and for the first time learning of the false statements and material misrepresentations of Mrs. Madere, plaintiff immediately cancelled said policy by appropriate notice to Mrs. Madere and then brought this action

for a declaratory judgment to have the policy held void ab initio, and that no coverage was afforded particularly with regard to the accident on or about March 12, 1961.

■ The evidence in this case convinces the Court that the representations made by Mrs. Madere both in her original application for coverage on said Chevrolet Automobile and in her application for renewal of coverage were material and false and that plaintiff had no knowledge that they were untrue.

Jurisdiction over the subject matter of this litigation and the parties hereto properly lies with this Court.

■ Plaintiff insurance company had a legal right to limit its liability and to select its risks and to impose whatever conditions it wished upon its obligations, not inconsistent with public policy and statutory regulation. This Court has no right to add anything to its contract, nor to take away anything. LSA–R.S. 22:-619; LSA–C.C. Art. 1818; Carruth v. State Farm Mutual Automobile Insurance Co., La.App., 113 So.2d 56; Muse v. Metropolitan Life Insurance Co., 193 La. 605, 192 So. 72, 125 A.L.R. 1075.

This Court concludes that the evidence shows that the representations made by Mrs. Madere were material, substantial and false and made with the intention of procuring insurance coverage which would have been denied to her son-in-law Myron P. Brady.

■ Further, that the plaintiff insurance company reasonably relied upon such false representations and that it was not estopped from rescinding and cancelling the policy when it learned of the true facts of the matter which were never communicated to plaintiff by its agent. Apperson v. United States Fidelity, 318 F.2d 438 (5th Cir. 1963).

Consequently, this Court concludes that plaintiff has proved its case and that it is entitled to the relief sought. Therefore, this Court holds that the policy in question was void ab initio and that no coverage was afforded thereby at the time of the accident on or about March 12, 1961.